LEONARD LEGAL GROUP
Scott G. Leonard, Esq. NJ ID #044181996
165 Washington Street
Morristown, NJ 07960
Attorneys for Plaintiffs, K.G. & B.G.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| K.G. (said name being a pseudonym used to protect the identity of the victim) by her guardian and mother, and B.G. (said name being a pseudonym used to protect the identity of the victim's mother) | : <br> : <br> : <br> : <br> : <br> : <br> Civil Case No. 1:17-cv-8118 (RBM) (KMW) |
|         Plaintiff(s), | : |
| | :     **SECOND AMENDED COMPLAINT** |
| vs. | : |
| | : |
| OWL CITY, ADAM YOUNG, DANIEL JORGENSEN, SKY HARBOR TOURING, INC., SKY HARBOR ENTERTAINMENT, INC., ABC COMPANIES 1-10 (said names being fictitious and unknown), JOHN DOES 1-10 (said names being fictitious and unknown) DEF COMPANIES1-10 1-10 (said names   being fictitious and unknown) | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
|         Defendant(s). | : |

      Plaintiff, K.G., (said name being a pseudonym used to protect the identity of the victim, hereinafter referred to as K.G.), individually residing in Virginia Beach, Virginia, a minor, age fourteen when the incidents giving rise to the Complaint began (currently 19 years of age) and B.G. (said name being a pseudonym used to protect the identity of the victim's mother, hereinafter referred to as B.G) as Mother and Guardian for K.G., by way of Complaint against the defendants, alleges and says:

## I.  JURISDICTION AND VENUE

1.      Plaintiff's Claim for Relief arises under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds over $75,000.00.

2.      The court has jurisdiction over plaintiffs' Federal claims pursuant to 28 U.S.C. § 1332, as an action arising out of the constitution of the United States and 28 U.S.C. § 1343(a)(3), to redress the deprivation under the color of state law, of rights secured by the constitution of the United States; and over plaintiffs' pendent state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. § 1391 (b), because the Defendants do substantial business in the district and a substantial portion of the events giving rise to this claim occurred in this District.

4.      On information and belief each of the Defendants sued herein is the agent, servant, and employee of each other, and of the other Defendants and by acting as herein alleged, acted within the course and scope of said agency and employment, and with full knowledge and consent of the remaining Defendants

## II.      PARTIES

5.      At relevant times herein, plaintiff, K.G., was a minor who was approximately thirteen (13)

years old when the Defendant's grooming of her began and she was fourteen (14) years of age, when the sexual abuse, assaults and sexual molestations alleged herein took place.

6.      Plaintiff, B.G. is the natural mother and legal guardian of Plaintiff K.G. and is a resident

of the State of Virginia.

7.      Plaintiff is informed and believes, and thereon alleges, that defendant, Owl City (hereinafter referred to as "Owl City") was and is a Christian Music Band with its headquarters in Owatonna, Minnesota, that creates, markets, distributes and performs their music nationally and internationally, and on social media and on the internet for commercial benefit.

8.      Plaintiff is informed and believes that defendant, Owl City's Christian, Pop songs were ranked on the top 100 songs on Billboard's Hot 100 songs.

9.       Plaintiff is informed and believes that defendant, Owl City traveled on tour and performed their concerts internationally and within the United States, including New Jersey.

10.     Plaintiff is informed and believes, and thereon alleges, that defendant, Adam Young (hereinafter referred to as "Adam Young") is a pop singer, songwriter, and instrumentalist who resides in Owatonna, Minnesota, and who is the founding member and creator of the music band, Owl City.

11.     Plaintiff is informed and believes that defendant, Sky Harbor Touring, Inc. is a business corporation registered in the State of Minnesota that hired, managed, and paid defendant, Owl City employees, including band members and Daniel Jorgensen. Defendant, Adam Young is the Chief Executive Officer of this entity with a principal executive office address of 2000 Glen Echo Road, Suite 105, Nashville, TN 37215.

12.     Plaintiff is informed and believes that defendant, Sky Harbor Entertainment, Inc., is a business corporation registered in the State of Minnesota that hired, managed, and supervised defendant, Owl City and its band members, including defendant, Jorgensen. Defendant, Adam Young is the Chief Executive Officer of this entity with a principal executive office address of 1600 Division Street, Suite 105, Nashville, TN 37203.

13.     Plaintiff is informed and believes, and thereon alleges, that defendant, Daniel Jorgensen, (hereinafter referred to as "Jorgensen") began his career with the defendant, Owl City and Adam Young, selling Owl City's merchandise such as t-shirts, mugs, and/or CD's in or about 2009. Plaintiff is informed and believes, in or about 2005, Jorgensen met Adam Young while both were in metal bands in Sioux Falls, South Dakota and remained friends and in contact prior to defendants, Owl City, Adam Young, ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 hiring Jorgensen to work for them in 2009 selling Owl City merchandise. Jorgensen became a band member of Owl City in 2009, and a music director for Owl City, thereafter.

14.     Plaintiff is informed and believes that Jorgensen was a professional musician, and at all times relevant hereto was a band member of defendant, Owl City who played the vibraphone, guitar, and bass for the defendant, Owl City from in or about 2009 to December 2013.

15.     Plaintiff is informed and believes that Jorgensen was actively touring with the Owl City band from approximately 2010 to December 2013 and would travel to various concert venues on the Owl City Tour bus, along with defendant, Adam Young, other Owl City band members, crew, and Brennan.

16.     Plaintiff is informed and believes that Jorgensen was also employed as the Music Director for Owl City and was responsible to scout band members for Owl City, set the musical lineup for the Owl City concerts and tours, and co-wrote songs for Owl City.

17.     Plaintiff is informed and believes that Jorgensen was a servant, agent, employee, and/or independent contractor for the defendant, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10.

4

18.     Defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees (hereinafter collectively referred to as "Defendant, Owl City") were at all times responsible to provide screening, selection, hiring, management, supervision, re-hiring, training, re-training, investigating complaints against, disciplining, and retraining the defendant, Owl City's servants, agents, employees, independent contractors, any other individuals, including musical directors and band members, within the Defendant, Owl City's employ.

19.     The defendant ABC COMPANIES (1-10), which names are fictitious as the true identities of these defendants are unknown to date, are individuals who knew, participated in, and/or reasonably should have known or knowingly permitted, condoned, acquiesced, authorized, ratified, and/or covered up the acts and/or omissions of the defendants, Owl City, Adam Young, Daniel Jorgensen, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees (hereinafter collectively referred to as " Owl City defendants").

20.     The defendant, JOHN DOES (1-10) which names are fictitious as the true identities of these defendants are unknown to date, are individuals who knew, participated in, and/or reasonably should have known or knowingly permitted, condoned, acquiesced, authorized, ratified, and/or covered up the acts and/or omissions of the defendants.

21.     The defendant DEF COMPANIES (1-10) which names are fictitious as the true identities of these defendants are unknown to date are individuals who knew, participated in, and/or reasonably should have known or knowingly permitted, condoned, acquiesced, authorized, ratified, and/or covered up the acts and/or omissions of the defendants. Any and all allegations set forth herein shall be directed at each of the defendants, to include any and all officers, directors,

and/or members, servants, agents, employees, management, and/or independent contractors during the relevant time period.

**FACTUAL ALLEGATIONS AS TO DEFENDANTS, OWL CITY, ADAM YOUNG, SKY HARBOR TOURING, INC., SKY HARBOR ENTERTAINMENT, INC., DANIEL JORGENSEN, ABC COMPANIES 1-10, JOHN DOES 1-10, AND DEF COMPANIES 1-10.**

22.     Plaintiff is informed and believes that there were/are a special group of Owl City fans, comprised mostly of minor female fans, that purchased Owl City concert tickets, music downloads, merchandise and regularly attended Owl City Concerts throughout the United States. These fans were known as "Hoot Owls." Members of Owl City, including but not limited to defendants, Adam Young and Jorgensen would communicate regularly and in person and via social media with this special group of fans, and derived a substantial financial benefit from their attendance at Owl City concerts and from these fans commenting on social media about Owl City. The presence of these Hoot Owls at the Owl City concerts and tour bus were anticipated and expected at the concert venues and were welcomed by defendants, Owl City, Adam Young, Jorgensen and other Owl City Band members and management. Jorgensen, Adam Young and the Owl City defendants knew or should have known that many of these underage fans were starstruck and infatuated with members of Owl City band including Jorgensen and Adam Young. Members of Owl City including Jorgensen, as part of and in the scope of his/their employment, would interact with these Hoot Owls and other female fans at the concert venues and at or near the Owl City tour bus.

23.     Plaintiff is informed and believes that members of Owl City, including but not limited to Jorgensen and Adam Young, traveled and slept on the Owl City tour bus during their concert tour. The female and male members of Owl City spent a tremendous amount of time together while on tour, especially on the tour bus.   In an interview on or about June 10, 2011, Jorgensen stated that

he was "bunk buds" with Adam Young, and that their bunks on the Owl City Tour Bus were right next to each other.

24.     Plaintiff is informed and believes that "Hoot Owls" and other minor fans regularly attended Owl City Concerts, and would congregate at or near the Owl City tour bus at the concert venues to meet band members of Owl City, which included Jorgensen and Adam Young. Plaintiff, K.G. was a member of this special group of fans known as "Hoot Owls."

25.     Plaintiff is informed and believes that on or about September 10, 2012, K.G. was approximately thirteen (13) years of age and purchased a ticket to and attended a music concert where the defendants, Owl City, Adam Young, and Jorgensen, and other band members, performed on the Owl City Tour at the "9:30 Club" in Washington, D.C. as part of their "Mid-Summer Station 2012 World Tour".

26.     Plaintiff is informed and believes that on the day of the Washington, D.C. concert, Jorgensen, who was then approximately 27 years of age, approached the plaintiff to talk to her outside of the Owl City tour bus, where plaintiff met Owl City band members, including Jorgensen and Owl City band members, Jasper Nephew and Breanne Duren. Defendant, Jorgensen and other band members of the defendant, Owl City met other underage female fans, referred to as "Hoot Owls" at this "meet and greet".

27.     Plaintiff is informed and believes on the day of the Washington, D.C. concert, at the "meet and greet" outside the Owl City tour bus before the concert, Jorgensen spent approximately three hours meeting underage female fans, and the majority of his time was spent with the plaintiff talking with her directly where he expressed an unusual and inappropriate interest in her. This extended interaction with the minor plaintiff was in the presence of other Owl City band members.

28.     Plaintiff is informed and believes that at Owl City's "meet and greet" before the concert,

Jorgenson hugged the plaintiff and was extremely, inappropriately physical with the plaintiff in the presence of and in close proximity to other "Hoot Owls" and Owl City band members outside the Owl City tour bus.

29.    Plaintiff is informed and believes that at the "meet and greet" before the concert, Jorgenson obtained plaintiff K.G.'s Facebook username, and told her to contact him via his Facebook page. This was done in the presence of other Owl City band members and personnel.

30.    Plaintiff is informed and believes that after the "meet and greet" that day, Jorgensen also approached the plaintiff inside the concert venue where he was speaking to her in the presence of other Owl City band members.

31.    Plaintiff is informed and believes that after the concert ended on September 10, 2012, Jorgensen spoke with the plaintiff while they were outside the concert venue and by the Owl City tour bus, while in the presence of the other Owl City band members, including but not limited to, defendant, Adam Young who witnessed Jorgensen and K.G., "interacting" as he entered the tour bus.

32.    Plaintiff is informed and believes that it was a well- known routine to the "Hoot Owls" and the defendants, Owl City, Adam Young, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 that Jorgensen would approach, speak to, and exchange contact information with underage female fans that were gathered near the tour bus or waiting in line to enter the Owl City concert venues while the defendant, Owl City was on tour and many times in the presence of Owl City band members, including defendant, Adam Young.

33.    Plaintiff is informed and believes that in or about one week after the September 10, 2012 Owl City concert, Jorgensen began to message and chat with the plaintiff via Skype stating that it was nice to meet her.

34.    Plaintiff is informed and believes that from September 10, 2012 to August 30, 2013, Jorgensen began to groom and sexually harass the plaintiff, who was only 13 years of age, to be his sexual victim and also to cause her severe emotional harm and distress.

35.    Plaintiff is informed and believes that during this relevant time period, Jorgensen began with increasing frequency to inappropriately communicate with the plaintiff via cell phone texts/calls, Facebook, Skype chat and video, Twitter, and email, while the defendant, Jorgensen was on the Owl City tour bus in the presence of and in close proximity to Owl City band members, including but not limited to, defendant, Adam Young.

36.    Plaintiff is informed and believes that during the relevant time period of September 2012 through August 30, 2013, Jorgensen would regularly communicate with and engage in an inappropriate relationship with K.G. while Jorgensen was on the Owl City tour bus in the presence of Owl City band members, including but not limited to, defendant, Adam Young while Owl City was on tour performing at and traveling to numerous concert venues.

37.    Plaintiff is informed and believes Jorgensen during his inappropriate relationship with the plaintiff, began to ask for and demanded on a continuous basis that plaintiff K.G. send him inappropriate naked photographs of herself all while he was aware that the plaintiff was 13 or 14 years of age.

38.    Plaintiff is informed and believes that during the relevant time period, Jorgensen sent the plaintiff photographs of himself wearing only his underwear.

39.    Plaintiff is informed and believes that Jorgensen also offered to show his private parts to the plaintiff K.G. on his webcam via Skype video if plaintiff also showed him her private body parts.

40.    Plaintiff is informed and believes that during this relevant time period of Jorgensen's

9

inappropriate communications and relationship with the plaintiff, he would message plaintiff that she was "gorgeous for her age", "beautiful", "sexy", and a "bombshell" with full knowledge that the plaintiff was 13 years of age. Many of these communications occurred while in the presence of other Owl City band members including but not limited to defendant, Adam Young and while on the Owl City tour bus.

41.    Plaintiff is informed and believes that during this relevant time period, during Jorgensen's inappropriate communications and relationship with the plaintiff in instances where the plaintiff would deny his inappropriate sexual advances, he would call her "lame" or other insulting, offensive names in an attempt to groom, intimidate, manipulate, coerce, harass and humiliate the plaintiff into becoming his victim of sexual harassment and sexual assault.

42.    Plaintiff is informed and believes that prior to another Owl City concert on April 5, 2013 in Pittsburgh, Pennsylvania at the Altar Bar, Jorgenson schemed, plotted, planned, and invited plaintiff K.G. to travel to the Owl City concert in Pittsburgh, PA.

43.    Plaintiff is informed and believes that prior to the April 5, 2013 concert, Jorgensen schemed, invited, plotted, planned and arranged to meet the plaintiff at the Owl City tour bus at the concert venue.

44.    Plaintiff is informed and believes that the plaintiff purchased a ticket to attend the April 5, 2013, Owl City concert. Plaintiff attended the Owl City concert.

45.    Plaintiff is informed and believes that on April 5, 2013, prior to the Owl City concert commencing, Jorgensen once again spent time talking to the plaintiff while in the presence of other Owl City band members such as Jasper Nephew (guitarist) and Steve Goold (drummer) outside the Owl City tour bus.

46.    Plaintiff is informed and believes that after the concert ended on April 5, 2013, Jorgensen

then spent time with and talked to the plaintiff outside the Owl City tour bus.   Plaintiff brought Jorgensen birthday presents to this concert for Jorgensen and a large birthday card signed by "Hoot Owls" (female fans, the majority of which are underage) which she gave Jorgensen in the presence of other band members of Owl City.

47.    Plaintiff is informed and believes that after the Jorgensen spent time with plaintiff at the Owl City concert in Pittsburgh, PA on April 5, 2013, Jorgensen intensified the frequency of his sexually inappropriate messaging, sexually harassing, and his sexual grooming of the minor plaintiff where he would message, text, chat with, call, and video chat with plaintiff for long periods of time, regularly in the presence of and in close proximity to Owl City band members, including but not limited to, defendant, Adam Young, while he was on the Owl City tour bus and at numerous concert venues.

48.    Plaintiff is informed and believes that from April 2013 to August 30, 2013, Jorgensen, during his message chatting on Skype and Facebook and video chatting on Skype, would tell plaintiff, whom he knew was now 14 years of age, of the different sexual acts he would perform on her, the ways he would kiss her, and the body parts he would kiss while the defendant, Jorgensen was on the Owl City tour bus in the presence of Owl City band members, including but not limited to, defendant, Adam Young.

49.    Plaintiff is informed and believes that from approximately April 2013 through August 30, 2013, Jorgensen would boast and admitted to the plaintiff that he had similar inappropriate relationships with other underage, female Owl City fans and Hoot Owls that he met by way of being an Owl City band member and Music Director at Owl City concerts and/or on social media based on his position and authority with Owl City.

50.    Plaintiff is informed and believes that it was well-established and well-known to the Owl

City fans and defendant, Owl City that it was routine for Jorgensen to meet with underage female fans and Hoot Owls as part of Owl City's "meet and greet" prior to and subsequent to Owl City concerts inside and outside the Owl City tour bus at the various concert venues.

51.    Plaintiff is informed and believes that Jorgensen used his position as music director and band member of the defendant, Owl City and his unsupervised, unfettered access to underage female fans to exploit, prey on, harass, intimidate, sexually groom, sexually harass, engage in inappropriate relationships with, and sexually assault underage female fans, including plaintiff K.G.

52.    Plaintiff is informed and believes that prior to Jorgensen meeting, sexually grooming, sexually harassing, and sexually assaulting the plaintiff, K.G., he exhibited a well-established, well-known pattern of dangerous, sexually deviant proclivities, including but not limited to, sexual harassment, sexual misconduct, sexual abuse, and sexual assault with other minor female fans that took place prior to and simultaneous to the plaintiff's sexual harassment and assaults committed by defendant, Jorgensen; which put the defendants, Owl City, Adam Young Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 on actual and/or constructive notice of his dangerous sexual proclivities.

53.    Plaintiff is informed and believes that in or about June or July 2013, Jorgensen's girlfriend broke up with him because she caught him cheating on her with a female Owl City fan(s).

54.    Plaintiff is informed and believes that after June or July 2013, Jorgensen continued to sexually groom and sexually harass K.G. from April 2013 through and until August 30, 2013 with full knowledge that K.G. was only 14 years old.

55.    Plaintiff is informed and believes during this relevant time period, Jorgensen would message the plaintiff, who was 14 years of age at the time, disturbing, sexually explicit and

sexually harassing messages such as "goodnight sexy legs and everything around them. Goodnight temptress. Goodnight sexiest of them all." while Jorgensen was on the Owl City tour bus in the presence of and in close proximity to Owl City band members, including but not limited to, defendant, Adam Young.

56.    During this relevant time period, Jorgensen would asked K.G. to take off her clothes and told her that he will take his clothes off also while they were video Skyping, while he was on the Owl City tour bus in the presence of Owl City band members, including but not limited to, defendant, Adam Young.

57.    K.G. is informed and believes that during this relevant time period , Jorgensen also told plaintiff he wanted to "cam nakeddd" with her, he "wanted to turn her on so bad so she knows what it's like", he "wanted to lay on her", he wanted to give her the "physical symptoms of turning her on", and in "his dreams he is between her legs." with the full knowledge that plaintiff was 14 years of age while he was on the Owl City tour bus in the presence of Owl City band members, including but not limited to, defendant, Adam Young.

58.     Plaintiff is informed and believes that during this relevant time period, and while a member of Owl City, the defendant, Jorgensen continued his sexually explicit and inappropriate communications and relationship with K.G., sending messages on Facebook, Skype and other forms of communication including text messages and video chat and exchange of photographs to K.G. while Jorgensen was on the Owl City tour bus in the presence of Owl City band members, including but not limited to, defendant, Adam Young and Brennan.

59.    Plaintiff is informed and believes that Jorgensen schemed, plotted, planned, groomed, and sexually harassed the minor plaintiff, K.G. so that she would be his sexual victim.

60.    Defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment,

Inc.,  ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 knew, or in the exercise of reasonable care, should have known of Jorgensen's outrageous, egregious pattern of dangerous, sexually deviant and perverted conduct with underage female fans, including the plaintiff, since he would initiate and obtain access to underage female fans and Hoot Owls including the plaintiff and engage in sexually inappropriate communications and relationships with them in the presence of Owl City bandmembers, including defendant, Adam Young at or near the Owl City tour bus and/or while in the scope of his employment with defendant Owl City and/or Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10.

61.    Plaintiff is informed and believes that during Jorgensen's inappropriate relationship and sexually inappropriate communications with the plaintiff, Jorgensen invited K.G. to attend an Owl City music concert on August 29, 2013 in Atlantic City, New Jersey at the House of Blues.

62.    Plaintiff is informed and believes that during the relevant time period, Jorgensen told K.G. during his inappropriate, sexual communications and inappropriate relationship with K.G. that he and defendant, Adam Young were "best friends" and knew each other for several years.

63.    Plaintiff is informed and believes that on August 28, 2013, the day before the Owl City concert in Atlantic City, New Jersey, Jorgensen continued to message and Skype chat and Skype video chat sexually inappropriate communications, including communicating with the plaintiff while in the presence of defendant, Adam Young and other band members while on the Owl City tour bus.

64.    Plaintiff is informed and believes that in the early morning hours of August 28, 2013, the day before Jorgensen was going to meet the plaintiff in Atlantic City, New Jersey for the Owl City concert, Jorgensen was video chatting with the plaintiff via Skype video while he was on the Owl

City tour bus with the defendant, Adam Young next to him, when he turned his laptop around to turn the view of the laptop camera to face defendant, Adam Young, and the plaintiff saw defendant, Adam Young via the video session on the Owl City tour bus and heard defendant, Adam Young ask defendant, Jorgensen "Is that the girl?"

65.    Plaintiff is informed and believes that defendant, Adam Young knew or certainly should have known that the Jorgensen was going to meet with the minor plaintiff the next day on August 30, 2013 at the Owl City concert.

66.    Plaintiff believes that during the relevant time period, defendant, Adam Young knew or should have known of Jorgensen's inappropriate communications and relationship with the plaintiff, and his pattern of deviant, sexual misconduct based on defendant, Adam Young seeing the plaintiff during the Skype video session with Jorgensen the night prior to the sexual assaults, and based on the fact that their bunks on the Owl City tour bus were in close proximity to each other; and that defendant, Owl City, Adam Young, Sky Harbor Touring, Inc., and Sky Harbor Entertainment, Inc., were aware or should have been aware that Jorgensen was engaged in inappropriate discussions with the plaintiff, K.G. leading up to the Atlantic City concert and other minor female fans and/or Hoot Owls.

67.    Upon information and belief, Jorgensen boasted and admitted to the plaintiff that he was involved in and engaging in inappropriate relationships with other underage female fans during the time period that he was engaging an inappropriate communications and relationship with K.G. As outlined herein, plaintiff contends that the defendant Owl City and/or Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc.,   knew or should have known about these inappropriate relationships.

68.    Upon information and belief, defendants, Owl City, Adam Young, Sky Harbor Touring,

Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10, as well as, other Owl City band members, and their servants, agents, or employees knew or should have known of Jorgensen's inappropriate communications and relationship with the plaintiff, K.G. and his pattern of dangerous, sexually deviant behavior or should have been aware, based upon other band members of Owl City, including defendant, Adam Young, being present during the "meet and greets" at the concert venues before, during and after the Owl City concerts, and outside and inside the tour bus while they were on the Owl City tour together, during the relevant time period when Jorgensen was engaging in inappropriate relationships and communications with underage female fans, including the plaintiff. Jorgensen's interactions with other Hoot Owls and minor fans was open and obvious and in the exercise of reasonable care was known or should have been known to Owl City, Adam Young Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc.,   ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10.

69.     Plaintiff is informed and believes that on the morning of August 29, 2013, prior to the sound check for the Owl City concert, Jorgensen schemed, plotted, and planned for the plaintiff to meet him at the public beach in public view in Atlantic City near the Owl City concert venue House of Blues, where he sexually harassed, sexually molested, detained, restrained, fondled, humiliated, defiled, intimidated, sexually abused and endangered the welfare of the plaintiff, K.G.

70.     Plaintiff is informed and believes that after the plaintiff was sexually molested, intimidated, fondled, humiliated, detained, restrained, defiled, and sexually assaulted, Jorgensen then left K.G. to perform a sound check for the Owl City concert that would take place that evening.

71.     Plaintiff is informed and believes that after the sound check was completed on August 29, 2013, Jorgensen met the plaintiff back at the public beach near the Owl City concert venue, House

16

of Blues where he sexually harassed, sexually molested, detained, restrained, fondled, humiliated, defiled, intimidated, sexually abused and endangered the welfare of K.G. for the remainder of the day until the Owl City concert began that evening.

72.    Plaintiff is informed and believes that at some point during the day of the concert, defendant, Adam Young may have also been on the beach at or near the time that K.G. and Jorgensen were on the public beach, and at the same time that the Jorgensen sexually harassed, sexually molested, detained, restrained, fondled, humiliated, defiled, intimidated, sexually abused and endangered the welfare of K.G.

73.    Plaintiff is informed and believes that on the day of the Owl City concert on August 29, 2013, Jorgensen and plaintiff took a photograph together on the public beach near the House of Blues in Atlantic City, New Jersey, which depicts Jorgensen's hand on the plaintiff's lower hip and buttocks. Jorgensen made no effort to conceal his meeting with the minor plaintiff and was readily visible to Owl City band members and the public.

74.    Plaintiff is informed and believes that K.G. purchased a ticket and attended the Owl City concert on August 29, 2013, at the House of Blues in Atlantic City, New Jersey.

75.    Plaintiff is informed and believes that after the concert ended, Jorgensen once again met with the minor child K.G., on the beach, in the later hours of August 29, 2013 and into the early morning hours of August 30, 2013 in public view, where he once again sexually harassed, sexually molested, detained, restrained, fondled, humiliated, defiled, intimidated, sexually abused, and endangered the welfare of K.G.

76.    Plaintiff is informed and believes that on the evening of August 29, 2013 and into the early morning of August 30, 2013, Jorgensen invited and attempted to coerce and/or force the plaintiff to go on the Owl City Tour bus with him so that he could engage in sexual misconduct and/or

sexual intercourse with the minor child K.G.   Jorgensen displayed no concern or worry that any of the co-defendants or band members of Owl City would question his bringing a 14-year old girl onto the Owl City tour bus.

77.    Plaintiff is informed and believes that after Jorgensen sexually harassed, sexually molested, detained, restrained, fondled, humiliated, defiled, intimidated, sexually abused, and endangered the welfare of K.G. on the public beach on August 29, 2013 through the early morning hours of August 30, 2013, Jorgensen and K.G. walked back to the Owl City tour bus, since Jorgensen was late for a "bus call" at 1:30am, which was the time that Jorgensen told plaintiff that the bus had to depart to travel to the next Owl City concert location.

78.    Plaintiff is informed and believes that Jorgensen remained employed and continued to tour with the defendants, Owl City and Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10, their servants, agents, and employees.

79.    Plaintiff is informed and believes that finally, in or about December 2013, the defendant, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10 terminated Jorgensen from the defendant, Owl City, based in part on social media posts about allegations against Jorgensen for inappropriate sexual misconduct with minor fans and for "business reasons". It is currently unknown whether or not Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., or any other defendants conducted their own investigation into these serious allegations, and whether or not they notified law enforcement prior to terminating Jorgensen.

80.    Plaintiff is informed and believes that in or about December 2013, defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-

10, JOHN DOES 1-10, and DEF COMPANIES 1-10 learned of other fans that alleged inappropriate communications with defendant, Jorgensen that were posted on a Tumblr page.

81.    Plaintiff is informed and believes that defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 failed to provide any training to Owl City band members, including Jorgensen, and crew during the relevant time period.

82.    Plaintiff is informed and believes that defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 failed to provide any manual or handbook outlining any training or policies and procedures for band members, including Jorgensen.

83.    Plaintiff is informed and believes that defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 failed to have any written or informal policies and procedures regarding band members' interactions with fans, communications with fans on social media, communication with fans, interacting with minor fans under the age of 18, and not having any sexual contact with fans.

84.    Plaintiff is informed and believes that on or about April 28, 2015, the Atlantic County Prosecutor's Office charged Jorgensen with Attempt to Lure or Entice a Child (2nd degree) and Criminal Sexual Contact (4th degree).

85.    Plaintiff is informed and believes that on or about August 4, 2015, Jorgensen was indicted by the Atlantic County Grand Jury of Attempt to Lure and Entice a Child (2nd degree) and Criminal Sexual Contact (4th degree).

86.    Plaintiff is informed and believes that Jorgensen plead guilty in connection with the

indictment to a charge of lewdness with a child.

### Defendant, Daniel Jorgensen's Inappropriate Conduct and Relationships with Other Minor Female Fans Prior to and During His Inappropriate Conduct and Relationship with the Plaintiff, K.G.

87.     Plaintiff is informed and believes the aforementioned actions and pattern of conduct exhibited by Jorgensen was not an isolated incident, and in fact, as outlined herein, was an open and obvious pattern exhibited by Jorgensen over an extended period of time, where Jorgensen singled out and targeted underage female fans of Owl City and/or Hoot Owls including but not limited to K.G., to engage in inappropriate communications and inappropriate conduct in the presence of defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10, their servants, agents, and employees, and other band members at Owl City concert venues and at or near the Owl City tour bus.

88.     Plaintiff is informed and believes that, in or about March 1, 2012, prior to Jorgensen's inappropriate relationship with K.G. and the sexual assaults committed upon her, Jorgensen also had an inappropriate relationship with another minor female fan referred to herein as A.D.(said initials being used to protect the identity of the individual who was a minor at the time). A.D. was another (Hoot Owl) underage, female fan of Owl City that Jorgensen used his position as an Owl City band member and Music Director of Owl City. Jorgensen to begin messaging A.D. online via Facebook chat, twitter, and Skype video from March 1, 2012 through approximately September 5, 2013 while he was on the Owl City tour bus traveling with the band members of Owl City, including the defendant, Adam Young during the Owl City tour.

89.     Plaintiff is informed and believes that Jorgensen also initiated and engaged in inappropriate

communications and a relationship with A.D. in which he would send her sexual and inappropriate messages, and video chatted with A.D. requesting she send him nude photographs of herself with full knowledge that A.D. was a minor, while in the presence of other Owl City band members, including but not limited to, defendant, Adam Young.

90.    Plaintiff is informed and believes that subsequent to initiating and engaging in this inappropriate relationship with A.D., Jorgensen schemed, invited, plotted, and planned to meet with A.D. at an Owl City concert on July 13, 2012 at the Varsity Theater in Minneapolis, Minnesota.

91.    Plaintiff is informed and believes that on July 13, 2012, A.D. met Jorgensen outside the Owl City concert venue Varsity Theater while waiting in line with other (Hoot Owls) minor female fans to enter the Varsity Theater prior to the Owl City concert.

92.    Plaintiff is informed and believes that after A.D. attended the Owl City concert on July 13, 2012, Jorgensen increased the frequency of the inappropriate chatting and messaging with A.D. via Facebook chat, twitter, and Skype video.

93.    Plaintiff is informed and believes that Jorgensen messaged, chatted with, and video chatted with A.D. in a sexually inappropriate manner for long periods of time on a regular basis from in or about March 1, 2012 through September 2013.

94.    Plaintiff is informed and believes that during Jorgensen's sexually inappropriate communications and relationship with A.D. via chatting, messaging, and video chats, Jorgensen communicated with A.D. how he would "turn her on" and the places on her body her would kiss her when he saw her. These communications took place while Jorgensen was on the Owl City tour bus in the presence of Owl City band members, including defendant, Adam Young with full knowledge that A.D. was a minor.

95.     Plaintiff is informed and believes that Jorgensen also invited A.D. to the Owl City concert in Minneapolis, Minnesota at the First Avenue on October 4, 2012, to which she purchased a ticket and attended.

96.     Plaintiff is informed and believes that in or about April 2013, Jorgensen had inappropriate sexual contact with A.D., with full knowledge that she was a minor.

97.     Plaintiff is informed and believes that during Jorgensen's inappropriate relationship with A.D., he requested that she bring him brownies to the Owl City concert(s) she attended.

98.     Plaintiff is informed and believes that on or about August 17, 2013, defendant Adam Young publicly tweeted from the Owl City official twitter account to A.D. for her to bring him brownies to an Owl City concert. This shows that the Jorgensen and defendant, Adam Young were communicating with each other about their underage female fans and that defendant, Adam Young knew or should have known of Jorgensen's inappropriate relationships with underage female fans, including but not limited to, A.D. This provides another example of Owl City's close relationship and communications with their underage fans and/or Hoot Owls.

99.     K.G. is informed and believes that on or about August 17, 2013 defendant, Adam Young also publicly tweeted A.D. from the official Owl City twitter account that he wanted to meet A.D., who was a minor at the time, and take her out in Minneapolis, Minnesota.

100.    Plaintiff is informed and believes that Jorgensen also engaged in an inappropriate relationship with yet another minor female fan, M.B., (said initials being used to protect the identity of the individual). M.B. was another (Hoot Owl) underage female fan who was 14 years of age when the defendant Jorgensen began communicating with her in 2009.

101.    Plaintiff is informed and believes that Jorgensen began his sexually inappropriate communications with M.B. via phone calls, texts, Facebook messaging chat, and What'sApp from

approximately 2009 through October 2013, in which he would send sexually explicit, inappropriate messages and photographs via chat and video chat and engaged in an inappropriate relationship with M.B., with full knowledge that M.B. was a minor, while in the presence of other Owl City band members, including but not limited to, defendant, Adam Young.

102.    Plaintiff is informed and believes that Jorgensen used his position as Music Director and band member of the defendant, Owl City to sexually exploit, prey on, sexually harass, intimidate and sexually groom M.B., and exploited M.B.'s interest in music.

103.    Plaintiff is informed and believes that in or about 2010 or 2011, Jorgensen flew out to Los Angeles, California with the defendant, Adam Young for the purpose of conducting Owl City business on two separate occasions.

104.    Plaintiff is informed and believes that Jorgensen boasted and admitted to M.B. that he was best friends with defendant, Adam Young, they had a very close relationship, and they would read religious sermons together on the Owl City tour bus while touring and in their hotel room when they traveled together for the purpose of Owl City business.

105.    Plaintiff is informed and believes that Jorgensen told M.B. that defendant, Adam Young always got the "good looking" girls compared to him.

106.    Plaintiff is informed and believes that on these two separate occasions, in or about 2010 or 2011, Jorgensen schemed, plotted, initiated, planned, arranged to meet, and met M.B. with full knowledge that M.B. was a minor while he was in Los Angeles, California with defendant, Adam Young working and writing the extended play ("EP") for the Owl City song "Shooting Star".

107.    Plaintiff is informed and believes that after the second time Jorgensen met with M.B. while he was in Los Angeles, California with defendant, Adam Young on Owl City business, during Jorgensen's sexually inappropriate communications and inappropriate relationship with her, he

told her he wanted to masturbate while he was talking to her on the phone with full knowledge that M.B. was a minor.

108.     Plaintiff is informed and believes that Jorgensen invited M.B. to an Owl City concert that took place on July 21, 2011 at the Club Nokia in Los Angeles, California in which M.B. purchased a concert ticket and attended.

109.     Plaintiff is informed and believes that prior to the July 21, 2011 Owl City concert, defendant, Jorgensen schemed, plotted, and planned to meet M.B. after the Owl City concert by the Owl City tour bus after their concert ended. Although M.B. did not meet Jorgensen after the Owl City concert ended at the Owl City tour bus, this was clearly a pattern and practice of Jorgensen that was known, or in the exercise of reasonable care should have been known by the defendant, Owl City and/or Adam Young and the other defendants.

110.     Plaintiff is informed and believes that after the second time Jorgensen met with M.B., during his sexually inappropriate communications and relationship with her, Jorgensen sent M.B., with full knowledge that M.B. was a minor, an inappropriate photograph which was a close-up of him in his underwear.

111.     Plaintiff is informed and believes that Jorgensen schemed, plotted, and attempted to bribe M.B. with Owl City concert tickets for the concert that took place on July 18, 2012 at the Greet Theater in Los Angeles, California, in exchange for her to "make out" with him. Nonetheless, M.B. refused Jorgensen's bribe in exchange for kissing him.

112.     Plaintiff is informed and believes that M.B. ceased communications with Jorgensen in or about early 2012.

113.     Plaintiff is informed and believes that subsequent to ceasing communications with the defendant, Jorgensen**, in or about mid 2012 (which was approximately more than one year**

prior to Jorgensen's sexual assaults of the plaintiff, K.G.), defendant, Adam Young posted a picture of Adam Young and Daniel Jorgensen together on his Instagram account which was the official public Owl City Instagram account of Adam Young and/or Owl City. A young minor female fan (Hoot Owl) commented how much she loved Daniel Jorgensen. M.B.'s mother then commented on the Owl City Instagram account that Jorgensen was sending her underage daughter sexual messages and that Jorgensen asked her minor daughter to send nude photos of herself to Jorgensen. Upon information and belief, Owl City and/or Adam Young subsequently deleted the post and comments.

114.   **Based on the Instagram exchange wherein M.B.'s mother directly and publicly communicated with defendant, Adam Young and/or Owl City on the Owl City Instagram page and posted a public comment that Jorgensen asked her underage daughter to send him nude photographs, defendant, Owl City and/or Adam Young had direct and actual knowledge of Jorgensen's inappropriate and illegal conduct yet did nothing and retained Jorgensen as an employee of Owl City and continued to allow Jorgensen to be around and interact with other minor female fans and/or Hoot Owls, including but not limited to K.G.**

115.   Plaintiff is informed and believes defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, or employees, knew, or in the exercise of reasonable care, should have known of the egregious pattern of deviant and perverted conduct of Jorgensen with underage female fans and "Hoot Owls" including K.G. This was yet another example of Jorgensen's inappropriate conduct prior to the assaults and extensive psychological and sexual abuse of the plaintiff, K.G.

116.   Plaintiff is informed and believes that the defendant, Jorgensen exploited his position as

Music Director and band member of the defendant, Owl City to gain unfettered access to and sexually groom, harass, and engage in inappropriate relationships with underage female fans, including but not limited to the plaintiff, who showed an interest in music.

117.    Plaintiff is informed and believes that Jorgensen engaged in a relationship with another underage female fan of Owl City whose full name is not currently know and referred to as Jane Doe.

118.    Plaintiff is informed and believes that Jorgensen invited Jane Doe, an underage female fan, to go on the Owl City tour bus with him at an Owl City concert while defendant, Adam Young was on the Owl City tour bus during the relevant time period.

119.    Plaintiff is informed and believes that Jorgensen also sexually harassed a former Owl City band member with sexually inappropriate comments and sexually harassing conduct while they were working together in the Owl City band during the relevant time period.

120.    Plaintiff is informed and believes that Jorgensen boasted and admitted to the plaintiff , K.G., that he attempted to forcibly kiss the former Owl City band member and left inappropriate comment(s) on her social media posts about her legs, and left a naked "Barbie" doll on the Owl City tour bus for her to find during the relevant time period and prior to the plaintiff's sexual assault.

121.    Plaintiff is informed and believes that in or about November 2013, approximately one month prior to plaintiff reporting the abuse, there were several allegations against defendant, Jorgensen on Tumblr by fans that alleged Daniel engaged in inappropriate relationships with them. Plaintiff is informed and believes there were also allegations posted against defendant, Jorgensen in December 2013 after plaintiff reported the abuse by other victims.

122.    Plaintiff is informed and believes that defendants Owl City, Adam Young, Sky Harbor

Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 knew, and their servants, agents, or employees in the exercise of reasonable care, should have known of the egregious pattern of sexually deviant and perverted conduct of Jorgensen based on his sexually harassing behavior toward underage female fans, Hoot Owls, including the plaintiff, K.G., A.D., and M.B, and the former female band member of Owl City.

123.    Plaintiff is informed and believes defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 knew, or in the exercise of reasonable care, should have known of the culture of the Owl City band and in the entertainment industry that existed prior to and contemporaneous with Jorgensen's inappropriate relationship with the plaintiff and his sexual assaults committed against K.G, in which Owl City and/or Adam Young condoned and/or permitted Jorgensen unsupervised, unfettered access to underage female fans that idolized Owl City band members at Owl City concert venues, at or near the tour bus, and through social media communications.

124.    Plaintiff is informed and believes defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, and/or employees condoned, permitted, acquiesced, tolerated, and/or encouraged this type of entertainment industry culture which allowed the defendant Jorgensen's sexually deviant behavior towards Owl City underage female fans, including the plaintiff, A.D., and M.B,. and the former female band member of Owl City. Defendants Owl City and Adam Young failed to ensure the safety of their fans, especially Hoot Owls and other underage female fans, and otherwise breached their duty of care.

## COUNTS AS TO DEFENDANT, DANIEL JORGENSEN
## FIRST COUNT

**(Assault & Battery)**

125.    Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs of the Complaint as though set forth fully at length.

126.    Jorgensen intended to cause a harmful and/or offensive contact with the plaintiff, which caused her humiliation, embarrassment, and emotional distress when he sexually assaulted the plaintiff K.G.

127.    As a direct result of Jorgensen's harmful and/or offensive contact to the plaintiff, the plaintiff was put in imminent apprehension of the harmful and offensive contact committed by Jorgensen when he sexually assaulted, defiled, groped, molested, and sexually abused the plaintiff on August 29, 2013 and August 30, 2013.

128.    K.G., a minor was unable to consent to being touched by Jorgensen, and therefore, did not consent to such harmful and offensive touching committed by Jorgensen.

129.    Jorgensen is directly liable for his actions when he intended on causing a harmful and/or offensive contact with the plaintiff.

130.    As a direct and proximate result of the actions of Jorgensen, which were malicious, wanton, and/or a willful disregard for others, as aforesaid, minor Plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, suffered severe damage to her reputation and standing in the community and has been damaged and injured in diverse other manners to her great detriment.

    **WHEREFORE,** Plaintiff(s) demands judgment for damages against Defendant, Daniel Jorgensen, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 for both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.

## SECOND COUNT
### (False Imprisonment)

131.    Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs of the Amended Complaint as though set forth fully at length.

132.    K.G. was detained and/or confined against her free will by Jorgensen when K.G. and Jorgensen were on the public beach in Atlantic City, New Jersey near the Owl City concert venue on August 29, 2013 through August 30, 2013.

133.    Jorgensen lacked the proper legal authority and the proper legal justification to commit said confinement and/or detention against K.G., since he was a band member and music director to the band, Owl City and she was an underage female fan.

134.    Jorgensen's actions resulted in plaintiff K.G. being falsely, maliciously and unlawfully detained and restrained from her personal liberty and her freedom of movement.

135.    Jorgensen restrained the plaintiff of her right to be free from unreasonable and unlawful seizure of her person stripping her of the equal protection of the law and to due process of law in violation of the laws of the New Jersey and the Constitution of the State of New Jersey, including but not limited to, the New Jersey Civil Rights Act N.J.S.A 10:6-2 and the New Jersey Child Sex Abuse Act N.J.S.A. 2A:61B-1.

136.    All of Jorgensen's acts aforesaid were malicious, wanton, and/or a willful disregard for others to confine and detain the plaintiff with an immoral purpose and to injure the reputation, standing and integrity of plaintiff, K.G., to her detriment, and defendant is, therefore, liable to plaintiff for punitive damages in addition to compensatory damages.

137.    At no relevant time did the plaintiff consent, nor could she consent, to the confinement and restriction of her liberty imposed by the defendants since she was a minor.

138.    Jorgensen detained and/or confined the plaintiff intentionally, and for his own sexually deviant purposes.

139.    K.G. was aware of the confinement and believed to be confined and detained by the defendant, Jorgensen.

140.    Jorgensen's confinement and detention of the plaintiff on August 29, 2013 through August 30, 2013 lasted for an appreciable time.

141.    Jorgensen is directly liable for his actions and misconduct committed upon the plaintiff.

142.    As a direct and proximate result of the actions of Jorgensen, including him luring; detaining; restraining; sexually molesting; fondling; humiliating; defiling; harassing, menacing, assaulting and restricting and imprisoning plaintiff, plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, suffered severe damage to her reputation and standing in the community, was forced to undergo the rigors and strain of a false detention and imprisonment and has otherwise been damaged and injured in diverse other manners to her great detriment.

    **WHEREFORE,** Plaintiff(s) demands judgment for damages against Defendants, Daniel Jorgensen ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10, jointly, severally, and individually, for both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.


### THIRD COUNT
### Intentional and Negligent Infliction of Emotional Distress

143.    Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs of the Amended Complaint as though set forth fully at length.

144.    During the relevant time period, Jorgensen, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 their servants, agents, employees and/or independent contractors, by their extreme and outrageous conduct intentionally and/or recklessly caused the plaintiff, K.G. to suffer severe psychological abuse, emotional distress and severe emotional trauma.

145.    During the relevant time period, Jorgensen, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 their servants, agents, employees and/or independent contractors acted recklessly in a deliberate disregard of a high degree of probability that their actions would cause the plaintiff emotional distress.

146.    As a direct and proximate result of the actions of Jorgensen, which were malicious, wanton, and/or a willful disregard for others, plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, suffered severe distress and damage to her reputation and standing in the community and has been damaged and injured in diverse other manners to her great detriment.

147.    The actions of the defendants, Jorgensen, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 their servant, agents, employees and/or independent contractors caused the plaintiff severe emotional distress that is so severe that the that no reasonable person could be expected to endure said severe emotional distress.

**WHEREFORE,** Plaintiff(s) demands judgment for damages against defendants, Jorgensen, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10, jointly, severally, and individually, for both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.

**COUNTS AS TO THE DEFENDANTS, OWL CITY, ADAM YOUNG, SKY HARBOR TOURING, INC., SKY HARBOR ENTERTAINMENT, INC., ABC COMPANIES 1-10, JOHN DOES 1-10, AND DEF COMPANIES 1-10.**

**FOURTH COUNT**
**(Negligent Hiring, Retention, and Supervision)**

148.    Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs of the Amended Complaint as though set forth fully at length.

149.    At all times mentioned herein, during the relevant time period, the defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10; were the employers, supervisors, managers, and were responsible for setting policies, procedures, guidelines, practices and/or customs for the musical enterprise commonly known as "Owl City.

150.    At all times mentioned herein, during the relevant time period, the defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10, were responsible for the screening, selection, hiring, training, supervising, managing, investigating complaints against band members and music directors, disciplining, re-training, and retaining the individual defendant, Jorgensen who was acting as their servant, agent, employee, and/or independent contractor as the music director and band member of Owl City. A master-servant relationship existed between Jorgensen and Adam Young and/or Owl City.

151.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees failed to use reasonable care in the screening, selection, hiring and retention of its servants, agents,

employees, and/or independent contractors, failed to properly train, manage, re-train, supervise and investigate complaints against band members; and failed to have safeguards in place to protect minor female fans, which included Hoot Owls; failed to provide appropriate safeguards to prevent Jorgensen's dangerous qualities such as his sexual misconduct and sexually deviant proclivities while in the scope of his employment as a music director and band member of Owl City from directly causing the violation of plaintiff's rights, when defendants had reason to know or should have known that his dangerous qualities could result in the harm he caused the plaintiff.

152.    At all times mentioned herein, during the relevant time period, the defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10; and their servants, agents, and/or employees were negligent in failing to diligently screen, select, hire, train, re-train, retain, employ, assign, transfer, supervise, manage and/or appoint defendant, Jorgensen, to a position of trust and authority as a servant, agent, employee, and/or independent contractor of the defendants, Owl City and/or Adam Young by allowing Jorgensen to serve as the music director and band member of Owl City who was in direct contact with and permitted unfettered access to minor female fans including their special fans known as Hoot Owls.

153.    At all times mentioned herein, during the relevant time period, the defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10, and their servants, agents, and/or employees negligently failed to provide adequate warning to plaintiff, and otherwise failed to act to prevent Jorgensen from pursuing and engaging in sexually deviant misconduct and inappropriate relationships with underage female fans, including plaintiff K.G which proximately caused plaintiff to suffer severe emotional and psychological harm.

154.    At all times mentioned herein, during the relevant time period, the defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees were otherwise negligent in failing to adopt and establish policies, procedures, guidelines, practices and/or customs designed to protect plaintiff, K.G. and other young female fans of Owl City and/or Hoot Owls from Owl City member and music director, Jorgensen.

155.    At all times mentioned herein, during the relevant time period, defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 policies, practices, procedures, guidelines, and/or customs, or lack thereof, directly led to a failure of the defendants to properly screen, select, hire, manage, supervise, discipline, retrain, retain, and investigate complaints regarding their servants, agents, employees and/or independent contractors, including Jorgensen and thereby created a culture of rogue and reckless and/or intentional misconduct and behavior to exist within the Owl City culture, which allowed sexual predator Jorgensen to thrive.

156.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees had a duty to the minor plaintiff, who was an underage female fan, Hoot Owl, and paying concert goer and business invitee to properly screen, select, hire, train, supervise, manage, retrain, investigate complaints against Jorgensen and discipline Jorgensen.

157.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees had

a duty to the minor plaintiff to properly hire, train, supervise, manage, retrain, and discipline other individual(s) within the defendants' employ responsible for the screening, selection, hiring, training, re-training, supervision, management, retention, investigation of complaints, disciplining and/or employment of Jorgensen for the work assigned to him and the positions he held with Owl City as music director and band member for the purposes of determining his fitness for granting, authorizing, and/or permitting unfettered access to minor female fans, including the plaintiff, K.G.

158.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while holding his position as music director and band member of Owl City, as aforementioned, based upon Jorgensen's well-established, well-known routine of meeting Hoot Owls and underage female fans at the Owl City "meet and greets" outside the Owl City tour bus and in the concert venues in the presence of Owl City band members, including but not limited to, defendant Adam Young, which Jorgensen exploited to gain unsupervised, unfettered access to and to initiate and engage in inappropriate communications and relationships with underage female fans of Owl City, including K.G..

159.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while a music director and band member of Owl City, as aforementioned, based upon his constant sexually inappropriate communications and inappropriate relationships with minor

female fans, including but not limited to the plaintiff, via Facebook messenger, Skype chat, Skype video, WhatsApp, Twitter, telephone calls, and text messages while he was on tour with Owl City on the Owl City tour bus in the presence of Owl City band members, including the defendant, Adam Young where he would incessantly make sexually explicit and inappropriate comments to them regarding their bodies, their looks, and the sexual acts he would engage in with them, demand nude photographs of the underage female fans or video with him nude, and arrange to meet with them.

160.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while a music director and band member of Owl City, as aforementioned, based upon Jorgensen exploiting his position as a music director and band member of Owl City when he attempted to bribe M.D., another underage female fan, with Owl City concert tickets in exchange for "making out with her" in an attempt to sexually take advantage of a young female fan, while on tour with Owl City in the presence of other Owl City band members, including but not limited to, defendant, Adam Young.

161.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc, ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while a music director and band member of Owl City and failed to properly investigate prior complaints against Jorgensen, as aforementioned, based upon **in or about mid 2012 (which**

**was approximately more than one year prior to Jorgensen's sexual assaults of K.G.), the parent of M.B., directly and publicly communicated with defendant, Adam Young on his Owl City Instagram page and posted a public comment which put defendant, Adam Young on actual notice of defendant, Jorgensen's inappropriate relationship with M.B. and him demanding nude photographs of M.B. while she was a minor.**

162.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or should have known of Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while a music director and band member of Owl City, as aforementioned, based upon on August 28, 2013, the night before Jorgensen met with plaintiff in Atlantic City, New Jersey for the Owl City concert, while Jorgensen was on the Owl City tour bus was on Skype video with the plaintiff, when Jorgensen turned the laptop video around and plaintiff saw and heard defendant, Adam Young ask Jorgensen "Is that the girl?", which was the night prior to when Jorgensen sexually assaulted the plaintiff.

163.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of the defendant, Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while a music director and band member of Owl City, as aforementioned, based upon the defendant, Jorgensen's numerous inappropriate relationships with and sexual misconduct towards underage female fans prior to and contemporaneous with the defendant, Jorgensen's inappropriate relationship with the plaintiff, such as with A.D., M.B., Jane

Doe, and the former Owl City band member.

164.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of the Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while a music director and band member of Owl City, as aforementioned, based upon defendant, Adam Young and Jorgensen communicating with each other regarding the underage female fans, including but not limited to, K.G.

165.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while a music director and band member of Owl City, as aforementioned, based upon the defendants, Jorgensen and Adam Young communicating with each other about their underage female fans and Adam Young publicly tweeting A.D., to meet with her and take her out, while she was a minor, which was another underage female fan that Jorgensen engaged in an inappropriate relationship with.

166.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of Jorgensen's particular unfitness, incompetence, and/or dangerous attributes while a music director and band member of Owl City, as aforementioned, based upon the defendant, Adam Young being present on the Owl City tour bus when Jane Doe, another

underage female fan was brought on the Owl City tour bus by defendant, Jorgensen during the relevant time period.

167.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of Jorgensen's particular unfitness, incompetence, and/or dangerous attributes, as aforementioned, based upon Jorgensen's sexually harassing behavior consisting of attempting to forcibly kiss the Owl City band member, commenting inappropriate sexually harassing comments on her photographs on social media, and leaving a naked "Barbie" doll on the Owl City tour bus for the female band member, during the relevant time period, while in the presence of other Owl City band members, including but not limited to, defendant, Adam Young.

168.    At all times mentioned herein, during the relevant time period, defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or had reason to know of the defendant, Jorgensen's unfitness, incompetence, and dangerous attributes to be employed as a music director and band member, since they were aware that Jorgensen would meet minor female fans at the band's "meet and greets" in the venue and outside the tour bus and that he was engaging in inappropriate relationships prior to an concurrently to his relationship with the K.G., in the presence of defendant, Adam Young and other band members and employees, servants, and agents of defendant, Owl City while touring with the band at or near the Owl City tour bus and at the numerous concert venues. These actions took place while Jorgensen was in the scope of his employment with defendant Owl City and/or Adam Young.

169.    At all times mentioned herein, during the relevant time period, defendants, Owl City, Adam

Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or should have known of defendant, Jorgensen's inappropriate relationship with the plaintiff based upon the rogue culture that Owl City permitted, condoned, tolerated, authorized, and/or acquiesced to exist where the Owl City band members, including defendants Jorgensen and Adam Young exploited their positions with the band to engage in inappropriate relationships with underage female fans including but not limited to their special fan base known as "Hoot Owls".

170.    At all times mentioned herein, during the relevant time period, the risk of harm of Jorgensen engaging in an inappropriate relationship with the plaintiff and sexually assaulting the plaintiff was reasonably foreseeable by the defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees by his pattern of sexual deviance and proclivities against other minor female fans such as A.D., M.B.,  and the former female Owl City band member which took place prior to and contemporaneous with the defendant, Jorgensen's relationship in the presence of other Owl City band members, including defendant, Adam Young and the defendants' servants, agents and employees at the "meet and greets", outside the Owl City tour bus, while defendant, Jorgensen was inside the Owl City tour bus traveling on tour, and at numerous concert venues. Also, numerous communications with these minor fans occurred on the Owl City tour bus in close proximity to defendant, Adam Young.

171.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees knew or should have reasonably foreseen that the defendant, Jorgensen would come into contact

with members of the public, such as underage female fans, Hoot Owls, including but not limited to, K.G., under circumstances knowing of Jorgensen's particular unfitness, incompetence, and dangerous attributes when they hired and retained him and the likelihood that Jorgensen, through his employment as a music director and band member of Owl City, would create a risk of danger to underage female fans, including the K.G. because of Jorgensen's qualities.

172.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees should have reasonably foreseen that the defendant, Jorgensen based upon his pattern of sexual deviance and proclivities and his inappropriate relationships with minor female fans, including K.G., created a risk of harm to other persons, such as minor female fans of Owl City and/or Hoot Owls, including K.G. by permitting, condoning, granting, and authorizing him unfettered access to underage female fans as a music director and band member of Owl City to engage in inappropriate relationships with and sexually harass and sexually assault underage female fans, including K.G., while at the Owl City "meet and greets", on the Owl City tour bus, and numerous concert venues, in the presence of other band members, including defendant, Adam Young, and their employees, servants, and agents.

173.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees should have reasonably foreseen that their the defendant, Jorgensen's unfitness, incompetence, and/or dangerous characteristics, as aforementioned, such as his sexually deviant proclivities and misconduct, including but not limited to, his sexually explicit communications with underage

female fans, his sexually harassing conduct towards minor female fans, and his inappropriate relationships with underage female fans, including K.G. would have caused the injury to the plaintiff by way of him sexually grooming, harassing, intimidating, humiliating, molesting, and sexually assaulting her.

174.    At all times mentioned herein, during the relevant time period, defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees had an ongoing duty to keep and maintain Jorgensen under reasonable supervision that provided assurance that defendant, Jorgensen was fit to perform his employment and responsibilities as a music director and band member of the defendant, Owl City and that he did not present a risk to the health, safety and welfare of those individuals, including K.G. who would reasonably be expected to come into contact as a paying concert goer and fan of Owl City with Jorgensen, as a result of his employment and/or duties and responsibilities as a servant, agent, employee, and/or independent contractor of the defendant, Owl City.

175.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees owed a heightened duty to protect minor female fans of Owl City, including the plaintiff, where they would be exposed to the Jorgensen's dangerous and sexually deviant proclivities as a direct result of his employment and/or position as music director and band member of Owl City which duties included communicating, meeting, interacting and otherwise being directly involved with minor female fans including K.G., and their special group of fans known as Hoot Owls.

176.    At all times mentioned herein, during the relevant time period, defendants Owl City, Adam

Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment,Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees employment of the defendant, Jorgensen as a music director and band member of Owl City exposed the plaintiff to an enhanced hazard and fell within the zone of risk created through the defendants' employment of Jorgensen and the dangerous condition and/or environment that existed by way of Jorgensen's misconduct.

177.    Based on the aforementioned, defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees breached their duty of care owed to the plaintiff.

178.    The defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, and/or employees' were negligent in screening, selecting, hiring, training, managing, supervising, retraining, investigating complaints regarding Jorgensen, disciplining, and retaining the Jorgensen though defendant, Jorgensen's particular unfitness, incompetence, and dangerous characteristics of his sexually deviant proclivities which any and all proximately caused K.G. suffer injury.

179.    As a direct and proximate result of the actions and/or inactions of the defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, and/or employees, which were malicious, wanton, and willfully disregarded others, plaintiff was greatly humiliated and disgraced, suffered great mental and physical anguish, suffered severe damage to her reputation and standing in the community and has been damaged and injured in diverse other manners to her

great detriment.

    **WHEREFORE,** Plaintiff(s) demands judgment for damages against Defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 for both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.

**FIFTH COUNT**
**(Gross Negligence)**

180.    Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs of the Amended Complaint as though set forth fully at length.

181.    As a direct and proximate result of the actions of the defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., , ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, and/or employees, which were malicious, wanton, and willfully disregarded others, K.G. was greatly humiliated and disgraced, suffered great mental and physical anguish, suffered severe damage to her reputation and standing in the community and has been damaged and injured in diverse other manners to her great detriment.

182.    The defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, and/or employees owed a duty to the plaintiff, an underage female fan, business invitee and concert goer of the defendant, Owl City to protect K.G. and ensure that Jorgensen was not in the position as a music director and band member of Owl City to have unfettered, unsupervised access to underage female fans including but not limited to their special group of underage minor female fans known as Hoot Owls.

183.    At all times mentioned herein, defendants Owl City, Adam Young, Sky Harbor Touring,

44

Inc., Sky Harbor Entertainment, Inc., ABC COMPANIES 1-10, JOHN DOES 1-10, and DEF COMPANIES 1-10 and their servants, agents, and/or employees, prior to Jorgensen sexually harassing, intimidating, humiliating, molesting, and assaulting the plaintiff, defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 were put on actual notice of defendant, Jorgensen's sexually deviant conduct towards and inappropriate relationships with underage female fans when **in or about mid-2012, the parent of M.B., directly and publicly communicated with defendant, Adam Young on his official Owl City Instagram page and posted a public comment notifying him of defendant, Jorgensen's sexually explicit communications and inappropriate relationship with M.B. and him demanding nude photographs of M.B. while she was a minor.**

184.    Defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 allowed, permitted, condoned, acquiesced, and/or ratified a sexual culture of the defendants, Owl City, Jorgensen, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, DEF Companies 1-10, and John Does 1-10 and their servants, agents, and/or employees in which Jorgensen, while a music director and band member of Owl City, would prey on minor girls at Owl City concerts and attempt to lure them on to the Owl City tour bus, and other locations with the intent to sexually groom, sexually harass, humiliate, intimidate, sexually molest, defile, sexually assault, and endanger the welfare of the underage female fans, including the plaintiff.

185.    The defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and

their servants, agents, and/or employees knew or should have known of defendant, Jorgensen's sexually deviant conduct and inappropriate relationships with minor female fans, including the plaintiff, since Jorgensen was engaging in these relationships and inappropriately communicating with minor female fans in the presence of defendant, Adam Young, while on the Owl City tour bus and while traveling with defendant, Adam Young on business trips in connection with Owl City, at Owl City concerts, and the Owl City band "meet and greets" with fans.

186. The defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 Daniel Jorgensen and their servants, agents, and/or employees breached their duty of care by permitting the Jorgensen unsupervised, unfettered access to underage female fans, in which he utilized his position as a servant, agent, employee, and/or independent contractor as a band member and music director of the Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 to further his sexual grooming, and other deviant conduct.

187. The defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 Daniel Jorgensen and their servants, agents, and/or employees breached their duty of care by failing to properly investigate prior complaints against defendant, Jorgensen from **in or about mid-2012, when the parent of M.B., directly and publicly communicated with defendant, Adam Young on his official Owl City Instagram page and posted a public comment notifying him of defendant, Jorgensen's sexually explicit communications and inappropriate relationship with M.B. and him demanding nude photographs of M.B. while she was a minor. Despite this direct knowledge and actual notice, Jorgensen remained a member of Owl City and was**

**allowed to engage in further misconduct with minor fans, Hoot Owls and K.G.**

188.    The defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, and/or employees breached their duty of care owed to minor female fans, including the plaintiff when they failed to properly screen and vet their servants, agents, and/or employees, including but not limited to their band members and the Owl City music director to exclude sexual predators of children from their employ.

189.    The defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, and/or employees deliberately and/or outrageously allowed Jorgensen and/or assigned him to positions of employ within Owl City where he would have unsupervised, unfettered access to young female girls such as the plaintiff K.G., A.D., M.B., and Jane Doe.

190.    At all times material hereto, the defendants Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 and their servants, agents, and/or employees were indifferent to the consequences of failing to properly screen, vet, select, hire, supervise, manage, investigate complaints against defendant, discipline, train, re-train and retain defendant, Jorgensen in their employ fully knowing of his sexually deviant misconduct towards and inappropriate relationship with minor female fans, including K.G.

191.    As a direct and proximate result of the actions of the defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., , ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10, and their servants, agents, and/or employees, which were malicious, wanton, and willfully disregarded others, plaintiff was greatly humiliated and disgraced,

suffered great mental and physical anguish, suffered severe damage to her reputation and standing in the community and has been damaged and injured in diverse other manners to her great detriment.

WHEREFORE,   K.G. demands judgment for damages against Defendants, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 for both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.

## SIXTH COUNT
### (B.G.'s Individual Claim)

192.    K.G. repeat and reallege each and every allegation contained in the above paragraphs of the Amended Complaint as though set forth fully at length.

193.    Plaintiff B.G., the mother of K.G., alleges that she was at all times and still is the mother and guardian of the plaintiff, K.G., residing with her at the same address.

194.    Defendants Daniel Jorgensen, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 had a duty to protect K.G.

195.    Defendants Daniel Jorgensen, Owl City, Adam Young, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 breached their duty to protect plaintiff K.G.

196.    By reason of the aforesaid, the plaintiff, B.G., individually, was obliged to incur large expenses in the care and treatment of her daughter, K.G., and will be so obliged in the future and she was and will in the future be deprived of her usual services, society, earnings and companionship.

**WHEREFORE,** Plaintiff(s) demands judgment for damages against Defendants, Owl City, Adam Young, Daniel Jorgensen, Sky Harbor Touring, Inc., Sky Harbor Entertainment, Inc., ABC Companies 1-10, JOHN DOES 1-10, and DEF Companies 1-10 for both compensatory and punitive, together with reasonable attorney's fees, lawful interest, and costs of suit.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

**PLEASE TAKE NOTICE** that pursuant to Rule 4:25-4, Scott G. Leonard Esquire is hereby designated at Trial Counsel in the within matter.

## CERTIFICATION

It is hereby certified that the foregoing matter in controversy is not the subject of any other pending action in any Court or of a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.   I further certify and as outlined in our motion to amend the complaint that there are no other parties of whom I am currently aware should be joined in this action at this time.

> LEONARD LEGAL GROUP, LLC.
> Attorneys for Plaintiffs
>
>
> By:  _/s/ Scott G. Leonard, Esq._
> _____
>         Scott G. Leonard, Esq.

Dated:    December 22, 2021